UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHAWN ROBINSON         :
                       :
    v.                 :   C.A. No. 14-554S
                       :
SCOTT SEMPLE, et al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Scott Semple's Motion to Dismiss Plaintiff's Complaint. (Document No. 12). Plaintiff is an inmate, sentenced by the State of Connecticut, who was housed in Rhode Island's Adult Correctional Institutions at the time of the incident underlying his Complaint. (Document No. 1 at ¶ 3). Defendant Semple is the Interim Commissioner of Corrections for the State of Connecticut. Plaintiff initiated this pro se action pursuant to 42 U.S.C. § 1983 against officers employed by the Adult Correctional Institutions ("ACI") as well as against Defendant Semple.[1]

**Discussion**

In his Motion to Dismiss, Defendant Semple argues that Plaintiff's factual allegations are insufficient to state a plausible Eighth Amendment claim against him. Defendant Semple specifically claims that dismissal is required because Mr. Robinson's claims are barred by the statute of limitations and because §1983 does not support a claim for supervisory liability against him.

Defendant Semple filed the instant dispositive motion on June 16, 2015. (Document No. 12). Pursuant to Local Rule Cv 7(b)(1), Plaintiff's Opposition to the Motion to Dismiss was due by July

---

[1] Plaintiff was housed in Rhode Island due to concerns about his safekeeping in a Connecticut prison after he assaulted prison guards in Connecticut. (Document No. 12-1 at pp. 1-2).

6, 2015. To date, Plaintiff has neither filed an opposition to Defendant Semple's Motion nor sought an extension of time to file an opposition. At this point, Plaintiff's Opposition is two months overdue and thus Defendant Semple's Motion to Dismiss is Unopposed and may be granted on that basis. Further, the Court finds that the Complaint fails to state a claim as a matter of law under § 1983 as against Defendant Semple, for the reasons articulated in his Memorandum. Specifically, Plaintiff's claims were not filed within the three-year limitations period, and even if they had been timely filed, they still fail to state a claim against Defendant Semple because they do not allege he had any direct involvement in the underlying facts or circumstances, thus there is no claim for supervisory liability under § 1983 against him.

For the foregoing reasons, I recommend that Defendant Semple's unopposed Motion to Dismiss Plaintiff's Complaint against him in its entirety (Document No. 12) be GRANTED and that the Court enter FINAL JUDGMENT in favor of Defendant Semple pursuant to Rule 54(b), Fed. R. Civ. P. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 10, 2015