UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

SHAWN L. ROBINSON,     )
                       )
    Plaintiff,         )
                       )
    v.                 )   C.A. No. 14-554 S
                       )
SCOTT SEMPLE, et al.,  )
                       )
    Defendants.        )
---

## ORDER

WILLIAM E. SMITH, Chief Judge.

On September 10, 2015, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 13) recommending that Defendant Scott Semple's Motion to Dismiss (ECF No. 12) be granted. On November 6, 2015, Plaintiff filed an Objection to the R&R. (ECF No. 16.) For the reasons that follow, the Court hereby OVERRULES Plaintiff's objection and ACCEPTS the R&R pursuant to 28 U.S.C. § 636(b)(1).

The R&R noted that Defendant Semple's Motion to Dismiss was unopposed by Plaintiff, and further found that:

> [T]he Complaint fails to state a claim as a matter of law under § 1983 as against Defendant Semple, for the reasons articulated in his Memorandum [ECF No. 12]. Specifically, Plaintiff's claims were not filed within the three-year limitations period, and even if they had been timely filed, they still fail to state a claim against Defendant Semple because they do not allege he had any direct involvement in the underlying facts or

> circumstances, thus there is no claim for supervisory liability under § 1983 against him.

(R&R 2, ECF No. 13.)  Plaintiff's Objection avers that "[t]he Defendant's subordinates have not returned all of his needed legal material and personal property after transferring him on September 3, 2015" and "Plaintiff can invoke the equitable tolling doctrine because he was arbitrarily placed in segregation without all of his legal material and personal property for several weeks after he was transferred back to Connecticut on June 17, 2014."  (Pl.'s Obj. to the R&R 1-2, ECF No. 16.)  Plaintiff further contends that he "can use the mail box rule because the Complaint was properly prepared before the statute of limitations and in the hands of counsel" and he "had the Complaint filed on the first business day of the Court because the 27th of December 2014 [the last day within the statute of limitations] fell on a weekend and he had to wait until December 29, 2014."  (<u>Id.</u> at 2-3.)

Assuming, <u>arguendo</u>, that Plaintiff's argument concerning the statute of limitations has merit, that does not change the R&R's conclusion that "<u>even if [Plaintiff's claims] had been timely filed</u>, they still fail to state a claim against Defendant Semple." (R&R 2, ECF No. 13 (emphasis added).)  This Court agrees with Magistrate Judge Almond that because Plaintiff has failed to allege that Defendant Semple "had any direct involvement in the underlying

facts or circumstances," there is thus "no claim for supervisory liability under § 1983 against him." (Id.)

For the foregoing reasons, the R&R is hereby ADOPTED and Plaintiff's claims against Defendant Semple are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date:  January 29, 2016