UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHAWN ROBINSON          :
                        :
     v.                 :  C.A. No. 14-554S
                        :
SCOTT SEMPLE, et al.    :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the Motion for Summary Judgment filed by Defendants Ashbel T. Wall, II, Alfred Leach, James Weeden, Joseph Pelletier, William Galligan and Kevin Manning ("Defendants"). (Document No. 21). Plaintiff is an inmate, sentenced by the State of Connecticut, who was housed in Rhode Island's Adult Correctional Institutions at the time of the incident underlying his Complaint. (Document No. 1 at ¶ 3). Plaintiff initiated this pro se action pursuant to 42 U.S.C. § 1983 against certain individuals employed by the Adult Correctional Institutions ("ACI").[1] Defendant Scott Semple, the Interim Commissioner of Corrections for the State of Connecticut was previously dismissed from the lawsuit. (Document No. 17). The remaining Defendants have moved for Summary Judgment as to all Counts. Plaintiff did not file an objection to the Motion.

**Summary Judgment**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant

---

[1] Plaintiff was housed in Rhode Island due to concerns about his safekeeping in a Connecticut prison after he assaulted prison guards in Connecticut. (Document No. 12-1 at pp. 1-2).

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)).  An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)).  Therefore, to defeat a properly supported motion for summary judgment, the

nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Facts**

Plaintiff was an inmate sentenced by the State of Connecticut but housed in Rhode Island at the Adult Correctional Institutions High Security Center during the incident giving rise to his Complaint. (Document No. 1 at ¶ 3). The remaining Defendants in this lawsuit are employees of the ACI. Ashbel T. Wall is the Director of the Rhode Island Department of Corrections, James Weeden is the Warden of the High Security Center and Alfred Leach is the Deputy Warden. Defendants Joseph Pelletier, William Galligan and Kevin Manning are Correctional Officers at the ACI.

Plaintiff alleges that on December 27, 2011 at approximately 9:30 a.m., Correctional Officers Galligan, Manning and Pelletier arrived at Plaintiff's cell, cuffed him, assaulted him and permitted another inmate to assault Plaintiff while the Correctional Officers held him. Plaintiff asserts that his prescription eyeglasses were shattered and embedded in his face and eye, and that he was subsequently denied medical attention after he was injured. (Document No. 1 at ¶¶ 19-25). His claims against the three Correctional Officers are for pain, suffering, physical injury and emotional distress pursuant to the Eighth Amendment to the United States Constitution. Id. ¶ 35. The remaining three Defendants, the ACI Administrators, are sued for allegedly condoning the use of excessive force, failing to train the prison guards, and permitting a policy that allows prison guards to "use informal, unsanctioned violence against troublesome inmates." Id. ¶ 36.

Defendants filed the instant dispositive Motion on August 29, 2016. (Document No. 21). Pursuant to Local Rule Cv 7(b)(1), Plaintiff's Opposition to the Motion for Summary Judgment was due by September 15, 2016. To date, Plaintiff has neither filed an opposition to Defendants' Motion nor sought an extension of time to file an opposition. At this point, Plaintiff's Opposition is nearly four months overdue and thus Defendants' Motion for Summary Judgment is Unopposed and may be granted on that basis.

Further, the Court finds that the Complaint fails to state a claim as a matter of law under § 1983 as against Defendants, for the reasons articulated in their Memorandum. Specifically, Plaintiff's claims were not filed within the three-year limitations period, which began to run on December 27, 2011 and expired on December 27, 2014. See Walden III, Inc. v. State of R.I., 442 F. Supp. 1168, 1171 (D.R.I. 1977) (noting that actions commenced pursuant to 42 U.S.C. § 1983 are subject to a three-year statute of limitations). The present action was filed on December 29, 2014 outside of the three-year limitations period.

"Although arbitrary, courts must respect statutes of limitation as reflections of legislative judgment 'concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.'" Cholopy v. City of Providence, 228 F.R.D. 412, 414-415 (D.R.I. 2005) (quoting Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 463-464 (1974)). In Cholopy, District Judge Lagueux noted that despite the Court's leniency with pro se plaintiffs, "the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction." Id. (quoting Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)). Indeed, this Court has stated that "a litigant's pro se status does not absolve him or her from compliance with the Federal or Local

Rules of Civil Procedure." LaCedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 126 (D.R.I. 2004); see also Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (internal quotations omitted) ("A pro se litigant, like any litigant, is guaranteed a meaningful opportunity to be heard. [However, ]…the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law."). Because he failed to comply with the statute of limitations applicable to a claim brought pursuant to 42 U.S.C. § 1983, I recommend Defendants' Motion for Summary Judgment be GRANTED.

The claims against the ACI Adminstrators fail for the additional reason that the facts pled do not allege that Defendants Wall, Weeden or Leach had any direct involvement in the underlying facts or circumstances, thus there is no claim for supervisory liability under §1983 against them.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' unopposed Motion for Summary Judgment (Document No. 21) be GRANTED and that the Court enter FINAL JUDGMENT in favor of Defendants. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 17, 2017